IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| THE WRONGFUL DEATH BENEFICIARIES OF CHRISTOPHER ELLIOT, DECEASED | PLAINTIFFS |
| V. | CASE NO. 2:06CV56 |
| LA QUINTA CORPORATION, LA QUINTA PROPERTIES, INC., LA QUINTA DEVELOPMENT PARTNERS, LP, SECURITAS SECURITY SERVICES USA, INC., HARRY J. BURNHAM, JEANETTE OLLIE, Individually and d/b/a SHAW ATHLETIC YOUTH ASSOCIATION, AND JOHN DOES 1 through 5 | DEFENDANTS |

**MEMORANDUM OPINION**

This cause comes before the court on the plaintiffs' motion to remand [14] as well as the plaintiffs' motion [24] to amend to add non-diverse defendants. The court has reviewed the briefs and submissions and is prepared to rule.

This is an action for the wrongful death of sixteen year old minor Christopher Elliot. Christopher drowned at the La Quinta Inn while on a trip with a community youth basketball team. This case was removed to federal court on March 31, 2006 from the Circuit Court of Bolivar County based on diversity of citizenship and federal question jurisdiction. Defendant Jeanette Ollie did not join in the removal and the other defendants have alleged that Ms. Ollie has been fraudulently joined in this action. The defendants also assert that any stated cause of action against Ms. Ollie is preempted by the Federal Volunteer Protection Act, giving rise to federal jurisdiction. The plaintiffs assert that they have stated claims against Ms. Ollie upon which relief can be granted, and further contend that there is no federal question in this lawsuit.

1

The defendant's claim that the Federal Volunteer Protection Act, 42 U.S.C. 14501 *et seq.*, gives rise to a federal question is incorrect. In *Richardson v. United Steelworkers of America*, the Fifth Circuit stated:

> One clear feature of the "arising under" requirement, however, is the well-pleaded complaint rule: whether a claim arises under federal law must be determined from the allegations in the well-pleaded complaint. *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3566 (2d ed.1984). In removal cases removed, the plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983). This requires the court to determine federal jurisdiction only from those allegations necessary to state a claim or, stated alternatively, a federal court does not have jurisdiction over a state law claim because of a defense that raises a federal issue. *Franchise Tax Board,* 103 S.Ct. at 2846; *Gully v. First National Bank at Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under the well-pleaded complaint rule, federal preemption is generally a defensive issue that does not authorize removal of a case to federal court. *See Powers,* 719 F.2d at 764-65.

**864 F.2d 1162, 1168 (5th Cir. 1989).**

**While it is true that when a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law, that is not the case in the instant matter.** ***See Richardson* at 1169.** **The language of 42 U.S.C. 14502(a) states that "this chapter preempts the laws of any State to the extent that such laws are inconsistent with this chapter, except that this chapter shall not preempt any State law that provides additional protection from liability relating to volunteers or to any category of volunteers in the performance of services for a nonprofit or governmental entity." As such, the Volunteer Protection Act does not completely preempt state law and does not give rise to a federal question.**

2

The removing party, which is urging jurisdiction on the court, also bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

The defendants' task is made considerably more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004). A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the

fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. It is accordingly plain, in light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to a plaintiff's allegations than had commonly been assumed.

With regard to defendant Ollie, the plaintiffs have alleged:

"That the Defendant, Jeanette Ollie *d/b/a* Shaw Athletic Youth Association, ("Ollie"), undertook and assumed a duty to supervise the minors in the group while in Jackson, Mississippi, but negligently failed to do so."

The plaintiffs clearly allege negligent supervision against Ms. Ollie. However, under the Volunteer Protection Act, volunteers cannot be liable for simple negligence. The plaintiffs maintain that the Volunteer Protection Act does not apply to Ollie or the Shaw Athletic Youth Association because the organization has not received any federal designation as a qualifying exempt organization under 26 U.S.C. § 501(c)(3). Ms. Ollie has submitted an affidavit that avers that the "Shaw Athletic Youth Association" is a fictitious name created for the single purpose of ascribing a name to the group that would be traveling to Jackson, but that the group has not been formally organized or incorporated. The defendants contend that the Volunteer Protection Act does not require formal organization or articles of incorporation and presents competing affidavits regarding Ms. Ollie's status as a volunteer for an amateur youth basketball team.

The term "nonprofit organization" is defined by the statute as a) any organization which is described in section 501(c)(3) of such title and is exempt from tax under section 501(a) of Title 26 and which does not practice any action which constitutes a hate crime

referred to in subsection (b)(1) of the first section of the Hate Crime Statistics Act (28 U.S.C. 34); or b) any not-for-profit organization which is organized and conducted for public benefit and operated primarily for charitable, civic, educational, religious, welfare, or health purposes and which does not practice any action which constitutes a hate crime referred to in subsection (b)(1) of the first section of the Hate Crime Statistics Act. The legislative history of the act reflects that the bill covers not only "501(c)(3) organizations, but it also covers volunteers of the organizations which do good work, but do not have a tax exemption under 501(c)(3)." 143 Cong. Rec. S4915-05. The legislative history also indicates that the bill also "covers volunteers of local charities, volunteer fire departments, little leagues, veterans groups, trade associations, chambers of commerce, and other nonprofit entities that exist for charitable, religious, educational, and civic purposes." *Id*.

Given the extremely broad definition of "organization" under the Volunteer Protection Act as well as the fact that the youths traveled to Jackson together as a team to engage in recreational sport, this court finds that the group constitutes an organization for the purposes of the Volunteer Protection Act. Under the Volunteer Protection Act a volunteer is not liable for simple negligence. The plaintiffs have only alleged simple negligence against defendant Ollie. Accordingly, the plaintiffs have no possibility of recovery against Ms. Ollie and the defendant has been improperly joined in the action.

The plaintiffs have also requested to amend their complaint to include Mississippi defendants Andrew Williams and Kerlin Janiver. Fed. R. Civ. Pro. 15 provides that motions to amend a complaint "shall be freely given when justice so requires." However, when an amendment will destroy diversity jurisdiction the court must consider:(1) the

extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987). The Fifth Circuit has rejected the rigid distinction between the post-removal joinder of indispensable parties under Fed. R. Civ. Pro. 19 and post-removal joinder of permissive parties under Rule 20. *Rosa v. Aqualine Resources, Inc.*, 2004 WL 247990 *1 (N.D. Tex. 2004).

      The state court complaint filed on March 16, 2006, in Bolivar County, Mississippi states: "at this time, Plaintiffs do not know the identity of John Does 1 through 5, but that said unnamed known defendants may include a person named "Johnny Murray," and/or other agents, employees, servants or subsidiaries of La Quinta Development Partner, LP, and/or independent contractors of La Quinta Development Partners, LP." The complaint also states: "by information and belief, the Defendants Securitas Security Services USA, Inc., ("Securitas"), and Harry J. Burnham, ("Burnham") and a person named "Javarius" employed by Securitas, (sometimes referred to collectively herein as the "Securitas Defendants"), undertook and assumed the duties to provide security, surveillance, monitoring, and supervision for the safety and security of the guests at the La Quinta Inn." While the plaintiffs have moved to remand, it seems unlikely that the sole purpose the plaintiffs have moved to amend their complaint is to defeat federal jurisdiction. The plaintiffs did, in fact, make allegations against unknown plaintiffs while the case was in state court. More telling, the complaint asserts allegations against an unknown "Javarius," and the name of one of the persons they seek to add is actually Janiver.

6

The plaintiffs moved to amend on June 13, 2006, roughly three months after commencing this action. Three months is not an unduly dilatory amount of time to discover the names of unknown parties, particularly as discovery has not commenced in this matter.

The court must also consider whether the plaintiffs will be significantly injured if amendment is not allowed. The defendants argue that amendment is not necessary because the proposed parties were employees of Securitas at the time of Christopher's drowning, and that they were within the scope of their employment which means that Securitas would be vicariously liable for any tortious acts committed by the proposed defendants. The plaintiffs counter by alleging that it is unknown if proposed defendants Williams and Janiver remained within the scope of employment during the time that they should have been guarding the pool area. In *Hayes v. Illinois Cent. R. Co.*, 2000 WL 33907691 *2 (N.D. Miss. 2000), the Judge Biggers rejected the defendants' argument that an employee was an unnecessary party since the corporation would be responsible under the doctrine of respondeat superior. The court found that the plaintiff had a right to seek recovery from the individual as well as the corporation. *Id*. This court also finds that the doctrine of respondeat superior does not preclude the plaintiffs from seeking recovery from the defendants individually.

As neither party has alleged any additional factors bearing on the equity of amendment, this court finds that an examination of the *Hensgens* factors demonstrates that amendment is proper in this instance.

Accordingly, the plaintiffs' motion [14] to remand is GRANTED. The plaintiffs'

motion [24] to amend is also GRANTED. Defendant Ollie has been improperly joined; however, the plaintiffs are hereby granted leave to file an amended complaint naming Andrew Williams and Keith Janiver as defendants. The amended complaint must be filed within ten days of entry of this order. This case is now remanded back to the Circuit Court of Bolivar County, Mississippi.

This the 8th day of March, 2007.

      /s/ Michael P. Mills
     UNITED STATES DISTRICT JUDGE